UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARLOS MENJIVAR,

    Plaintiff,

vs.

CU COPPER, LLC, a Florida limited liability company, and IOANNIS SOTIROPOULOS, an individual,

    Defendants.

_____/

COMPLAINT

## **COMPLAINT**

COMES NOW Plaintiff CARLOS MENJIVAR ("Menjivar" or "Plaintiff"), who was an employee of Defendants CU COPPER, LLC d/b/a Copper 29, a Florida limited liability company, and IOANNIS SOTIROPOULOS, an individual (together, "Defendants"), and files this Complaint for unpaid overtime wages, liquidated damages and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.*

### I.    **JURISDICTION AND VENUE**

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' operations are situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Menjivar's federal question claims.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## II. PARTIES

3. Plaintiff CARLOS MENJIVAR is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Menjivar was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant CU COPPER, LLC d/b/a Copper 29 ("CU Copper") is a Florida limited liability company that does business as Copper 29, the bar/restaurant at which Menjivar was employed, at 206 Miracle Mile, Coral Gables, Miami-Dade County, Florida.

5. Defendant IOANNIS SOTIROPOULOS ("Sotiropoulos"), an individual and *sui juris*, is an owner and manager of CU Copper. Sotiropoulos acted directly and indirectly in the interest of CU Copper and had the power to direct employees' actions. Sotiropoulos had management responsibilities, degree of control over the corporation's financial affairs and compensation practices, and was in a position to exert substantial authority over corporate policy relating to employee wages and whether to compensate (or not to compensate) employees at CU Copper in accordance with the FLSA, making Defendant Ioannis Sotiropoulos an employer pursuant to 29 USC § 203(d).

## III. COVERAGE

6. During all material times, Defendant CU COPPER, LLC was an enterprise covered by the FLSA and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Defendants were employers as defined by 29 U.S.C. § 203(d).

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

8. During all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## IV.     FACTUAL ALLEGATIONS

9. Defendants own and operate the Copper 29 bar restaurant, at which Menjivar was employed, in Miami-Dade County.

10. This action is brought pursuant to the FLSA for unpaid overtime wages, liquidated damages, and other relief.

11. Menjivar was a non-exempt hourly employee who worked as a cook for Defendants during the period from August, 2016 through March, 2017, approximately.

12. Defendants were required by law to pay Menjivar at least one-and-a-half times his regular rate of pay for all overtime hours (hours worked in excess of forty per workweek).

13. During this period of approximately Thirty-four (34) weeks, Menjivar estimates he worked an average of 60 hours per workweek, of which 20 were overtime hours.

14. Defendants never paid Menjivar at least one-and-a-half times his regular wage for overtime hours.

15. Defendants willfully engaged in practices that denied Menjivar the applicable overtime wage under the FLSA.

16. Menjivar retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I**
**FAILURE TO PAY OVERTIME WAGE IN**
**VIOLATION OF THE FLSA, 29 U.S.C. § 201,** *et seq*

3

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

17. Plaintiff reincorporates and re-alleges paragraphs 1 through 16 as though set forth fully herein and further alleges as follows:

18. Defendants willfully and intentionally failed to pay Plaintiff at least one-and-a-half times his regular wage for hours worked over forty per week.

19. As a direct and proximate result of Defendants' willful and intentional failure to pay Plaintiff at least one-and-a-half times his regular wage for all hours worked over forty per week, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff CARLOS MENJIVAN demands judgment in his favor and against Defendants, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at the rate of one and one-half times his regular rate of pay;

b) Award to Plaintiff liquidated damages equal to the payment for all overtime hours owed under the FLSA;

c) Award to Plaintiff of reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 5th day of May, 2017.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

Fax: 305.358.6808
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **May 5, 2017**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Florida Bar No. 75320
*Attorney for Plaintiff*

5

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808